489 P.2d 264

**STATE of Arizona, Appellee,**

v.

**Cornelio ENRIQUEZ, Appellant.**

**No. 1993.**

Supreme Court of Arizona,
In Banc.

Oct. 8, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, former Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by Anne Kappes, Deputy Public Defender, Phoenix. for appellant.

UDALL, Justice:

This Court, in its opinion in State v. Enriquez, 106 Ariz. 304, 475 P.2d 486 (1970), remanded the case to the Superior Court of Maricopa County for an evidentiary hearing to determine whether the nature of the police radio broadcast, the information on which the broadcast was based and other information available to the arresting officer (Officer Dunn) was sufficient in fact to constitute probable cause for the arrest, without warrant, of the defendant.

In accordance with the remand, the Honorable Charles L. Hardy, Judge of Division 11 of the Superior Court of Maricopa County, conducted a hearing on the 22nd day of July, 1971, to determine whether there were sufficient facts to constitute probable cause for the arrest of the defendant. After hearing the testimony of Officer Dunn and the arguments of counsel, the Court stated: "I am going to have to find there was probable cause for the arrest * * * of the defendant by Officer Dunn".

The testimony given by Officer Dunn at the hearing was that on the evening of July 15, 1965, at about 10:45 P.M., while he was on duty he heard a radio broadcast concerning an armed robbery that had taken place that evening at a convenience market designated as U–Tote'm, located at 82nd Avenue and Thomas in West Phoenix. The broadcast stated that the market had been robbed by two men who were described as two "Mexican males", one of whom was described as being approximately five foot, five inches tall, while the other, a larger man, was said to be some three

inches taller. They were said to have been armed and the broadcast noted that at least one shot was fired during the robbery. The physical description of the two suspects further described the type of clothing they were wearing and stated that at the time of the robbery they both wore masks.

Dunn testified that he was assigned to the robbery detail to work the night shift on the first of July, 1965, and that two other officers who worked on the robbery detail with him and who had been working on the detail for some time prior thereto are Detectives Reuben Ortega and Norman O'Connor. He further testified that shortly after he had been assigned to the robbery detail, he learned from other members of the staff that there had been a series of robberies of convenience markets, such as U–Tote'm, Circle K and 7–11, and stated that from his own personal knowledge, obtained during the first two weeks of his assignment, he learned that approximately ten markets of this type had been robbed. He noted that a warning shot was fired at some time during each of the robberies and that in no instance was the shot fired at any one in particular. He further testified that each of the robberies took place between 8 and 11 P.M., the usual closing hour of the markets.

His testimony indicated that he had previously been advised by Detectives Ortega and O'Connor that the defendant and Ramirez were suspects in these robberies. The addresses of the two suspects were made known to him and, as a result of the information received from the radio broadcast, he immediately went to 9th Place and Sherman which was the approximate location of the residences of the suspects.

Shortly after he arrived and had parked his car he observed the suspects as they stopped their car across the street, and as they emerged from their automobile he noticed that the shorter of the two men was carrying a brown paper sack. As they approached the house which they entered on 9th Place, they walked in a hurried manner and repeatedly looked to the rear, giving the appearance that they were trying to determine whether someone might possibly be following or watching them. Officer Dunn also noted that they had parked their car some distance from the house they entered, although there was ample parking space immediately in front of the house. He further stated that he had been shown photographs of the two suspects prior to the date of the arrest and that when they emerged from the car, on a well-lighted street, he was immediately able to recognize the two men as being the suspected robbers. Such circumstances certainly could reasonably have led Officer Dunn to believe that the two men had been engaged in some sort of illegal activity.

It is abundantly clear from the testimony given by Officer Dunn at the evidentiary hearing, together with evidence adduced at the trial, that there was ample evidence from which to find that there was probable cause for the arrest of the defendant.

In accordance with the foregoing the judgment and sentence of the trial court is hereby affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.